KRIZAN *v.* COPE, INC.

CONTRACTS—EMPLOYMENT—COMMISSIONS—RELEASE—CONSTRUCTION.
  A release by plaintiff of all claims against his employer, and its
    subsidiaries or assigns, executed at the same time as a res-
    ignation which terminated his employment contract and effec-
    tive the same date, could not be prospective in operation because
    plaintiff's services to his employer terminated effective at the
    same time that the release was given; therefore the release
    related to claims for commission in existence on the effective
    date of the release arising out of the employment contract.

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 December 9, 1970, at Grand Rapids. (Docket No. 9094.) Decided January 29, 1971. Leave to appeal denied April 21, 1971, 384 Mich 832.

Complaint by Charles W. Krizan, Sr., against Cope, Inc., and other corporations for money under an employment contract. Judgment for plaintiff. Defendants appeal. Reversed and remanded for judgment dismissing the action.

*Warner Norcross & Judd* (by *J. M. Neath, Jr.,* and *Joseph F. Martin*), for defendants.

Before: FITZGERALD, P. J., and QUINN and MCINTYRE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur 2d, Master and Servant § 219.

PER CURIAM.  Plaintiff filed this action to recover monies allegedly due to him under an employment contract.  He recovered judgment in the trial court and defendants appeal.

September 1, 1966, plaintiff and Cope, Inc., entered into a written employment contract by the terms of which Cope, Inc., employed plaintiff for five years and he accepted the employment as vice-president and general manager of all food and beverage operations of Cope, Inc.  For all services rendered by plaintiff under the contract, Cope, Inc., agreed to pay him a stated salary and two percent of the gross food and beverage sales made by Cope, Inc.  February 9, 1968, with plaintiff's consent, this contract and all rights and obligations thereunder was assigned to The Pines Chop House, Inc., a wholly-owned subsidiary of Cope, Inc.

Due to substantial financial difficulty in the operation of The Pines Chop House and the Manistee Chippewa Hotel, owned by Manistee Chippewa, Inc., in which Cope, Inc., owned a controlling interest, the latter began negotiations in the fall of 1968 with a Mr. Johnson to assume management responsibilities of The Pines and the Chippewa.  Plaintiff was present and participated in a meeting on February 19, 1969, at which Johnson agreed to take over the management responsibilities provided plaintiff released all past, present, and future claims for wages, salaries, and commissions which he had against Cope, Inc., or any of its subsidiaries.

March 10, 1969, but effective February 19, 1969, plaintiff executed a resignation as vice-president and director of Cope, Inc., and its subsidiaries.  At the same time and effective the same date, he executed a release reading in pertinent part, "I, Charles W. Krizan, Sr., release any claim whatsoever against Cope, Inc., or its subsidiaries or assigns".

In granting judgment to plaintiff, the trial court held that the foregoing release was prospective only and did not release commissions earned by plaintiff up to February 19, 1969, the date plaintiff and his employer mutually consented to the termination of the employment contract. This was an erroneous holding which requires reversal and dismissal of this action.

The commissions involved were part of plaintiff's compensation for services rendered by plaintiff to his employer. Those services ended with the termination of the employment contract. The release could not be prospective. It related to claims in existence on the effective date of the release.

This holding obviates discussion of the other issues raised on appeal.

Reversed and remanded for entry of a judgment dismissing this action with costs to defendants.